**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

AARON D. LAWRENCE,

        Plaintiff,
v.                                                      Case No. 08-C-108

GEORGE M. GRBICH, JR. and
JOHN L. CASTOR,

        Defendants.

# ORDER

The plaintiff, who is proceeding *pro se*, lodged this complaint alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*.

Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is required to pay the statutory filing fee of $350.00 for this action. If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed *in forma pauperis*. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. 28 U.S.C. § 1915(a). The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1).

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The statement shows that the prisoner lacks the funds to pay an initial partial filing fee. The initial partial filing fee is, therefore, waived. 28 U.S.C. § 1915(b)(4). The plaintiff will be allowed to proceed *in forma pauperis* in this action.

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to insure that indigent litigants have meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). To that end, § 1915(a) allows an indigent party to commence an action in federal court without having to pay costs and fees. Access is not unlimited, however. Congress recognized that some nonpaying litigants would try to abuse the privilege. Accordingly, it authorized the courts to dismiss a claim filed *in forma pauperis* if the allegation of poverty is untrue, if the action is frivolous or malicious, or if the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). This court must screen the plaintiff's complaint to determine whether any claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2) or whether the action may proceed.

The plaintiff has named two defendants, George M. Grbich, Jr., and John L. Castor. The plaintiff's complaint describes his factual allegations regarding the events of August 10, 2006, both leading up to and after his arrest. The plaintiff then sets forth the following legal allegations: (1) racial discrimination in violation of the Civil Rights Act of 1964; (2) intentional infliction of emotional distress in violation of 42 U.S.C. § 1981; (3) discrimination by racial profiling in violation of 42 U.S.C.

2

§ 1981; (4) defamation of character by Grbich and Castor; (5) excessive use of force by Officer Lewandowski's use of the taser; (6) the indifference to plaintiff's request for medical attention by unidentified individuals following his arrest by the Wauwatosa Police Department; and (7) unlawful seizure of property, namely cell phones, by unidentified individuals or entities. This court's review of the plaintiff's complaint indicates the first four allegations relate to the actions of Grbich and Castor. The last three allegations in the complaint do not reference conduct by any named defendant. As a result, this court will give the plaintiff an opportunity to amend his complaint before it is evaluated under 28 U.S.C. § 1915(e)(2).

The plaintiff may file an amended complaint within 30 days of the date of service of this order if he can cure the defects in the complaint by setting forth the parties and allegations with greater specificity. The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint must be complete in itself without reference to any prior pleadings. The plaintiff must file an original and two copies of the amended complaint.

If the plaintiff chooses not to file an amended complaint within 30 days of the date of service of this order, the court will evaluate the complaint the plaintiff filed on January 29, 2008, in light of 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS ORDERED** that the plaintiff's motion to proceed *in forma pauperis* (Docket #2) be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff has leave to file an amended complaint within thirty (30) days of the date of this order.

**IT IS FURTHER ORDERED** that if the plaintiff does not file an amended complaint within thirty (30) days of the date of this order, this court will evaluate the plaintiff's complaint filed January 29, 2008, pursuant to 28 U.S.C. § 1915(e)(2).

Dated at Milwaukee, Wisconsin, this 3rd day of July, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge