UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

AARON D. LAWRENCE,

        Plaintiff,

v.                                                              Case No. 08-C-108

GEORGE M. GRBICH, JR. and
JOHN L. CASTOR,

        Defendants.

## ORDER

The plaintiff, Aaron Lawrence, who is proceeding *pro se*, lodged a complaint alleging that his civil rights were violated. Before the court are plaintiff's motions to amend the complaint.

### BACKGROUND

In an order dated July 3, 2008, the court granted the plaintiff's petition to proceed *in forma pauperis* and gave him the opportunity to amend his complaint because several of his allegations did not reference conduct by any named defendant. On July 11, 2008, the plaintiff filed a "motion to amend complaint," the body of which contained only a list of six defendants the plaintiff wanted to add to his complaint. In an order dated July 25, 2008, the court advised the plaintiff that his motion did not comply with the court's July 3, 2008 order. The court gave plaintiff "one more opportunity to file a comprehensive amended complaint setting forth all of this claims against all defendants." The plaintiff has filed another "motion to

amend complaint." Although this document is entitled a "motion to amend complaint," it appears to be the plaintiff's proposed amended complaint.

## DISCUSSION

First, the plaintiff's motion does not comply with Civil Local Rule 15.1. The Civil Local Rules provide:

> A motion to amend a pleading must specifically state in the motion what changes are sought by the proposed amendments. Any party submitting a motion to amend must attach to the motion the original of the proposed amended pleading. Any amendment to the pleading, whether filed as a matter of course or upon motion to amend, must reproduce the entire pleadings as amended, and may not incorporate any prior pleading by reference. If the motion to amend is granted, the clerk must then detach the amended pleading and file it when the order granting the motion to amend is filed.

Civil L.R. 15.1 (E.D. Wis.). The plaintiff's motion does not describe the proposed changes, and he does not attach a proposed amended complaint to the motion.

Second, the plaintiff's motion does not set forth the names of the intended defendants in the caption of his pleadings. Even a *pro se* plaintiff's complaint must comply with Fed. R. Civ. P. 10(a) and include the names of all parties in the title of the action. *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005). Although it is true that the pleadings of *pro se* plaintiffs should be liberally construed, this doctrine "concerns the substantive sufficiency of allegations and not preliminary steps such as identifying and serving defendants." *Id.* at 551. It would not be appropriate for the court to interpret the body of the plaintiff's motion or guess which

-2-

Case 2:08-cv-00108-JPS    Filed 10/16/08    Page 2 of 4    Document 10

persons named therein the plaintiff intends to make defendants. "Naming and serving defendants is vital. How can one defend without first becoming a party?" *Id.* at 552. The Supreme Court has advised that "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee fo evenhanded administration of the law." *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980).

Nevertheless, when a *pro se* plaintiff has mentioned a potentially responsible person in the body of a complaint, the court should allow an amendment to make that person a party. *Myles,* 416 F.3d at 552. Therefore, the court will afford the plaintiff one more opportunity to file a motion to amend his complaint, with an attached proposed amended complaint, on or before **November 19, 2008**. The plaintiff is advised that he must file a motion to amend the complaint and attach to the motion his proposed amended complaint. The proposed amended complaint must name all intended defendants in the caption and set forth all factual and legal allegations in the body. An amended complaint supersedes a prior complaint, so any matters not set forth in the amended complaint are, in effect, withdrawn. *See Duda v. Bd. of Educ. Of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998).

If the plaintiff's amended complaint is deficient, or if the plaintiff chooses not to file a motion to amend his complaint with an attached proposed amended

complaint on or before November 19, 2008, the court will evaluate the complaint the plaintiff filed on January 29, 2008, in light of 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS ORDERED** that the plaintiff's July 11, 2008, motion to amend complaint (Docket #7) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's August 12, 2008, motion to amend complaint (Docket #9) is **DENIED**.

**IT FURTHER ORDERED** that the plaintiff's plaintiff has leave to file a motion to amend the complaint with a proposed amended complaint attached as an exhibit. This motion and proposed amended complaint must be filed on or before **November 19, 2008**.

**IT IS FURTHER ORDERED** that if the plaintiff does not file a motion to amend the complaint with a proposed amended complaint as an exhibit on or before **November 19, 2008**, this court will evaluate the plaintiff's complaint filed January 29, 2008, pursuant to 28 U.S.C. § 1915(e)(2).

Dated at Milwaukee, Wisconsin, this 16th day of October, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

-4-

Case 2:08-cv-00108-JPS   Filed 10/16/08   Page 4 of 4   Document 10